

Jun 29 2017 12:32pm

P013

LAFPC.CV.46729851
cc_mmmccarthy

Ordered by Atty.:: G. KARL BERNARD

# CITATION

FIFTEENTH JUDICIAL DISTRICT COURT

DOCKET NUMBER: C-20171602 D

PARISH OF LAFAYETTE, LOUISIANA

STEPHANIE WHEELER

VS

DOLLAR TREE STORES INC

## STATE OF LOUISIANA

TO:   DOLLAR TREE STORES, INC.
THROUGH ITS COUNSEL:
LISA HANCHEY
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ATTORNEYS AT LAW
603 SILVERSTONE ROAD, SUITE 102A
LAFAYETTE, LA 70508

of the Parish of Lafayette

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the FIFTEENTH JUDICIAL DISTRICT COURT, in the Lafayette Parish Courthouse, LAFAYETTE, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.
Witness the Honorable Judges of said Court, this JUNE 16, 2017.

Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:
ORIGINAL AND FAXED FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES;
ORIGINAL AND FAXED PETITION FOR DAMAGES

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: 4/20/17 20____  TIME: 1038

SERVED:

PERSONAL

DOMICILIARY ( ) ON

UNABLE TO LOCATE    MOVED ( )     NO SUCH ADDRESS ( )

OTHER REASON:

RECEIVED TOO LATE FOR SERVICE ( )

SERVICE OF WITHIN PAPERS

COSTS FEES     MILEAGE $ 15    TOTAL $ 35

DEPUTY

Lafayette Parish Clerk of Court
Filed This Day

JUN 2 3 2017

Lafayette Parish Clerk of Court
By Clerk of Court

EXHIBIT
A

46678579

STEPHANIE WHEELER : 15TH JUDICIAL DISTRICT COURT

VERSUS : DOCKET NO. 2017/602

DOLLAR TREE STORES, INC. : LAFAYETTE PARISH

FILED: _____ DEPUTY CLERK

CLERK OF COURT
LAFAYETTE PARISH, LA.

2017 JUN 15   AM 10: 34

## FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Stephanie Wheeler, Plaintiff

herein, who respectfully presents and wishes to amend and/or supplement her original Petition

for Damages as follows:

I.

By inserting paragraphs 2a. through 2h., to read as follows:

"COVERAGE

2a.

At all times relevant herein, Plaintiff was Defendant's "employee" and Defendant was

Plaintiff's "employer" within the meaning of FLSA.

2b.

At all times relevant herein, Defendant was, and continues to be "an enterprise engaged

in commerce" within the meaning of FLSA.

2c.

Specifically, at all times relevant herein, Defendant simultaneously operated over four

thousand (4,000) retail stores in multiple states throughout the United States.

2d.

At all times relevant herein, Defendant was, and continues to be, an enterprise engaged in

the "production of goods for commerce" within the meaning of FLSA.

2e.

At all times relevant herein, Defendant's annual gross revenue was in excess of

$500,000.00 per annum.

2f.

At all times relevant herein, Defendant had two or more employees handling, selling, or

otherwise working on goods or material such as cleaning supplies, toys, floral supplies, arts and

1

overtime resulted, upon information and belief, from a pay policy whereby all of Defendant's

stores required and continue to require their employees to work off-the-clock.

11i.

Defendant, through its management, was aware of the off-the-clock hours performed by

Plaintiff.

11j.

Defendant regularly required Plaintiff to complete afterhours/night bank drops after

Plaintiff clocked out for the night.

11k.

Defendant was unjustly enriched, because it accepted the benefit and value of the off-the-

clock work performed by Plaintiff but did not compensate Plaintiff for her work at the agreed

upon regular rate of pay.

11l.

Upon information and belief, Defendant calculated the hours that Plaintiff worked based

on a predetermined number of hours allocated to Plaintiff regardless of the hours she actually

worked each week.

11m.

When Plaintiff realized that she was not being paid for the time she worked and that she

did not receive any compensation for working "off the clock," she told her supervisors that she

believed that she was being treated unfairly because of her race and that Defendant did not have

the right to treat her and her colleagues like slaves."

III.

By inserting paragraphs 18a. through 18h, to read as follows:

"18a.

Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or

practice of failing to pay overtime compensation with respect to Plaintiff.

18b.

Defendant did not act in good faith or reliance upon any of the following in formulating

its pay practices:

a.      Case law;

b.      FLSA, 29 U.S.C. §201, et seq.;

3

c.    Department of Labor Wage & Hour Opinion Letters; and

d.    The Code of Federal Regulations.

18c.

Defendant acted willfully in failing to pay Plaintiff in accordance with the FLSA.

18d.

Defendant failed to maintain accurate records of Plaintiff's work hours in accordance

with the law.

18e.

Plaintiff was/is entitled to be paid for each hour she worked during her employment with

Defendant.

18f.

Plaintiff demanded proper compensation for one or more weeks of work with Defendant,

but Defendant has refused and/or failed to compensate Plaintiff for same.

18g.

As a direct and proximate result of Defendant's deliberate underpayment of wages,

Plaintiff has been damaged in the loss of proper compensation for one or more weeks of work

with Defendant.

18h.

Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff

without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of

Plaintiff's labor without proper compensation."

IV.

By fully reavering and reiterating all remaining allegations contained within the Petition

for Damages as if fully copied herein in extenso.

WHEREFORE, Plaintiff, Stephanie Wheeler, prays that Defendant be duly cited and

required to appear and answer Plaintiff's First Amended and Supplemental Petition for Damages and

Jury Demand and Plaintiff's Original Petition For Damages and, after due proceedings had and legal

delays, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in

the foregoing First Amended and Supplemental Petition for Damages and original Petition for

Damages and Jury Demand, in an amount reasonable in the premises, together with legal interest

from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all

4

general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

G. Karl Bernard, #24294
1615 Poydras Street Suite 220
New Orleans, LA 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088

**Attorney for Plaintiff, Stephanie Wheeler**

**HOLD SERVICE**

A TRUE COPY ATTEST

Lafayette, LA. 6-16-17

BY. CLERK OF COURT

FILED THIS 15th

DAY OF JUNE, 20 17

Deputy Clerk of Court

5

RECEIVED AND FILED
DATE 3 - 28 - 17 (fax filed. 3-21-17)
LAFAYETTE PARISH CLERK OF COURT
45643434

| STEPHANIE WHEELER | : | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | : | DOCKET NO. 2017 1002 D |
| DOLLAR TREE STORES, INC. | : | LAFAYETTE PARISH |

FILED: _____        DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Stephanie Wheeler, Petitioner herein, who respectfully alleges and represents the following:

### PARTIES

1.

Petitioner, Stephanie Wheeler (hereinafter "Wheeler" or "Plaintiff"), a person of the full age of majority, presently resides and is domiciled in Lafayette Parish, Louisiana.

2.

Made Defendant herein is Dollar Tree Stores, Inc. (hereinafter "Dollar Tree" or "Defendant"), which is a foreign corporation authorized to do and doing business within the State of Louisiana.

### FACTUAL BACKGROUND

3.

Wheeler, who is an African-American female, began her employment with Defendant as a cashier in June 2015.

4.

Throughout her employment with Defendant, from April 2015 to August 2016, Wheeler made every effort to carry out her job duties and responsibilities in accordance with Defendant's policies and procedures.

5.

At all times relevant herein, Wheeler was supervised by the following Defendant employees: Store Manager, Angela McGee; Regional Manager, Odeh Shawrieh; and District Manager, Debbie Guerrero.

1

6.

Because of her outstanding job performance, Wheeler was rewarded with two merit increases in pay and encouraged by Defendant's District Manager, Guerrero, to apply for a store manager's position with Dollar Tree.

7.

On or about May 25, 2016, Wheeler applied for Defendant's store manager's position. To that end, Wheeler took Defendant's manager assessment test and not only passed the exam but, according to Guerrero, was ready for a store manager's position. Guerrero sent Wheeler six thumbs-up via text.

8.

After Wheeler took the assessment test, Mark Stacy replaced Guerrero as Defendant's District Manager.

9.

When Stacy became the District Manager, Wheeler was:

A.    Denied a promotion to become Defendant's store manager;

B.    Required to work "off the clock;" and

C.    Not paid for time worked.

10.

When Wheeler inquired as to why she was not promoted to a store manager's position with Defendant, McGee informed Wheeler that Stacy stated that there were too many African American managers already working for Defendant and, as a result, he was not going to promote Wheeler.

11.

When Wheeler determined that she was not being paid for the time she worked and not receiving any compensation for working "off the clock," she told her supervisors that she believed that she was being treated unfairly because of her race and that Defendant did not have the right to treat her and her colleagues like slaves.

12.

After Wheeler complained about being mistreated because of her race, Defendant suspended her and, on August 15, 2016, terminated her employment.

2

13.

The stated basis for Defendant's wrongfully terminating Plaintiff—which Plaintiff alleges herein to be a mere pretext for unlawful discrimination and retaliation—was insubordination and for causing trouble and problems between Defendant and its other employees.

14.

Because of the unlawful discriminatory treatment inflicted by Defendant's managers, employees, and/or agents, on or about November 7, 2016, Wheeler submitted a Charge of Discrimination to the EEOC. On or about December 19, 2016, the EEOC issued a "Notice of Right to Sue" letter to Wheeler, which was received on or about December 23, 2016. Accordingly, Wheeler has met all administrative prerequisites for the bringing of this action.

15.

At all times relevant herein, Defendant was responsible for the acts of its employees, Wheeler's superiors.

16.

At all relevant times, Defendant was liable for the conduct described herein, as carried out by its managers, employees and/or agents under the doctrine of Respondeat Superior.

17.

All of the actions complained of herein were undertaken with malice and/or reckless indifference to Wheeler's state and federally protected rights.

## CAUSES OF ACTION

18.

Defendant, in violation of the Louisiana Employment Discrimination Laws, La. R.S. 23:301, *et seq.*, as amended by Act 1409, 1997, has engaged in unlawful employment practices consisting of, but not limited to, intentional discriminatory treatment of Wheeler, resulting in Wheeler's termination of employment because of her gender, female, race, African-American, and age.

19.

As a result of the unlawful actions described above, Defendant is liable to Wheeler for damages, including back pay; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages, compensatory

3

damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

## JURY DEMAND

20.

Plaintiff demands trial by jury on all issues so triable herein.

**WHEREFORE,** Plaintiff, Stephanie Wheeler, prays that Defendant be duly cited and required to appear and answer Plaintiff's Petition for Damages and Jury Demand and, after due proceedings had and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Petition for Damages and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

G. Karl Bernard, #24294
1615 Poydras Street Suite 220
New Orleans, LA 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088

**Attorney for Plaintiff, Stephanie Wheeler**

**HOLD SERVICE**

A TRUE COPY ATTEST
Lafayette, LA. 6/16/17

D.V. CLERK OF COURT

FILED THIS 28
DAY OF mar. 20 17

Deputy Clerk of Court

4