UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

STEPHANIE WHEELER            CIVIL ACTION NO. 6:17-cv-00847

VERSUS            JUDGE JAMES

DOLLAR TREE STORES, INC.            MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Currently pending is the defendant's motion to dismiss and compel arbitration. (Rec. Doc. 6). The motion was referred to this Court for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The motion is opposed. (Rec. Doc. 13). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court defers ruling on the motion and orders limited discovery and further briefing with regard to the issues raised in the defendant's motion.

### BACKGROUND

This is an employment discrimination lawsuit. In her original petition for damages, the plaintiff alleged that she is an African-American woman who was employed by the defendant, Dollar Tree Stores, Inc., and was told by her supervisor that she would not be promoted to a store manager's position because there were already too many African-American managers working for the company. She also alleged that she was required by her employer to work "off the clock." She claims

that she was suspended from her employment on August 15, 2016, allegedly in retaliation for having complained about being mistreated because of her race. After filing a discrimination charge with the EEOC and receiving a right to sue letter, she filed this lawsuit, asserting claims under Louisiana's Employment Discrimination Law, La. R.S. 23:301, *et seq*. and a claim for the deliberate underpayment of wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

The defendant responded to the plaintiff's complaint with the instant motion. The defendant contends that, on December 8, 2015, the plaintiff electronically signed an enforceable arbitration agreement, which requires that the claims asserted in her complaint be resolved through arbitration rather than through litigation of this lawsuit. The defendant seeks to compel arbitration and have this lawsuit dismissed. In response, the plaintiff denied that she ever executed an arbitration agreement – electronically or with a handwritten signature – or orally agreed to arbitration. The parties' positions raise several questions that preclude resolution of the defendant's motion at this time but likely can be answered following targeted discovery.

## LAW AND ANALYSIS

### A. THE LEGAL STANDARD

Although the defendant seeks dismissal of the lawsuit, it did not identify a statute, court rule, or jurisprudential principle under which dismissal is sought other

than Rule 12(b) of the Federal Rules of Civil Procedure, nor did the defendant explain the standard that must be applied in order for a complaint to be dismissed when an arbitration agreement is enforced.

The Federal Arbitration Act ("FAA") provides for a stay pending arbitration.[1] A court, however, may dismiss the action with prejudice, rather than stay it, when all claims are subject to arbitration.[2] This is so because "[a]ny postarbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits by the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law."[3]

Rule 12(b) of the Federal Rules of Civil Procedure does not specifically provide for dismissal of an action based on the enforcement of an arbitration clause, and the Fifth Circuit has not yet explicitly decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper vehicle for resolving a motion to compel arbitration.[4]

---

[1] 9 U.S.C. § 3.

[2] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

[3] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d at 1164.

[4] *Noble Drilling Services, Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010); see also *Murchison Capital Partners, L.P. v. Nuance Communications, Inc.*, 625 F. App'x 617, 626-27 (5th Cir. 2015) (noting that the defendant "would have been entitled to prevail on a Rule 12(b)(1) or 12(b)(3) motion to dismiss the case because the dispute is covered by the arbitration clause."); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901-02 (5th Cir. 2005).

The defendant did not suggest that its motion should be analyzed under Rule 12(b)(1). Rule 12(b)(1) is used to challenge the court's subject-matter jurisdiction. This lawsuit originated in state court, and the defendant removed it to this forum, contending that the court has subject-matter jurisdiction over the action. A removing defendant – including the defendant in this action – has the burden of establishing the court's subject-matter jurisdiction since it is the party invoking the court's jurisdiction.[5] It would defy logic for a defendant to argue simultaneously that the court both does and does not have subject-matter jurisdiction. Further, if the court lacked subject-matter jurisdiction over this action, the logical consequence would be remand of the action to state court not dismissal of the action. Therefore, the defendant's motion will be construed as arising under Rule 12(b)(3).

A Rule 12(b)(3) motion is used to challenge venue. The United States Supreme Court has described an arbitration agreement as a "specialized kind of forum-selection clause."[6] Therefore, it is logical that the enforceability of such agreements may be scrutinized under Rule 12(b)(3). When resolving a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all

---

[5] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[6] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974).

conflicts in favor of the plaintiff."[7] The court may also look outside of the complaint and its attachments and review extrinsic materials, including affidavits.[8] Facts must be viewed in a light most favorable to the plaintiff,[9] and conflicts in the parties' affidavits must be resolved in favor of the plaintiff.[10] Accordingly, there is a statutory basis for this Court to order the parties to gather more relevant evidence to assist in deciding the pending motion.

### B. THE STANDARD FOR ENFORCING OF AN ARBITRATION AGREEMENT

Arbitration is favored under both Louisiana law[11] and federal law.[12] In fact, there is a strong presumption in favor of arbitration, and the burden is on the party challenging the arbitration agreement to show that it is invalid.[13]

---

[7] *Braspetro Oil Services Company v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007) (per curiam).

[8] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

[9] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d at 237.

[10] *CIT Group/ Commercial Services, Inc. v. Romansa Apparel, Inc.*, No. 3:02-CV-1954-P, 2003 WL 169208, at *2 (N.D. Tex. Jan. 21, 2003) (citing *McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D. Tex. 2001)).

[11] *Aguillard v. Auction Management Corp.*, 908 So.2d 1, 7 (La. 06/29/2005).

[12] *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 56 (1995); *Gregson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

[13] *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

The agreement at issue in this case expressly states that it is governed by the Federal Arbitration Act ("FAA"). Therefore, this Court finds that the FAA is applicable to the agreement at issue. The FAA requires the enforcement of arbitration agreements through the issuance of an order directing the parties to engage in arbitration and staying the litigation of disputes that are referable to arbitration.[14]

A two-prong inquiry is used for deciding whether parties should be compelled to arbitrate their disputes.[15] The first prong requires a court to determine whether the parties agreed to arbitrate.[16] Two factors are considered in making this determination: (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the dispute in question is within the scope of the arbitration agreement.[17] In determining whether there is a valid arbitration agreement between the parties, courts apply state contract law.[18] In determining whether a question falls within the scope

---

[14] 9 U.S.C. §§ 3–4; *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 389 n. 1 (5th Cir. 2006) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 22).

[15] *OPE International LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001).

[16] *OPE International LP v. Chet Morrison Contractors, Inc.*, 258 F.3d at 445.

[17] *OPE International LP v. Chet Morrison Contractors, Inc.*, 258 F.3d at 445.

[18] *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 431 (5th Cir. ,2004); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

of an arbitration agreement, courts apply the federal policy favoring arbitration.[19] Once a court finds that the parties agreed to arbitrate, it must move to the second prong of the analysis and consider whether any federal statute or policy renders the claim nonarbitrable.[20]

### C. DOES AN ARBITRATION AGREEMENT EXIST?

The defendant contends that the plaintiff electronically signed a "Mutual Agreement to Arbitrate Claims" on December 8, 2015 and that she must have signed it because it could not have been electronically signed by her without her gaining access through her password. A copy of the agreement was submitted along with the affidavit of the defendant's Manager of Recruiting Operations, Vincent Votta. However, there is no "signature" per se of any kind on the agreement. Rather, there is a typed notation that the plaintiff electronically signed the agreement on December 8, 2015. The plaintiff claims, however, that she was not employed by the defendant on December 8, 2015, and further claims that she did not sign an arbitration agreement concerning her employment with the defendant at any time. She submitted her own affidavit to support these factual allegations, which states that "I did not

---

[19] *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008); *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

[20] *Washington Mut. Finance Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (citing *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002)).

verbally give my consent or sign any documents giving my consent to have any disputes or grievances against Dollar Tree subject to binding arbitration."[21] On the record as it currently exists and because the facts must be viewed in a light most favorable to the plaintiff, with conflicts in the parties' affidavits resolved in favor of the plaintiff, this Court would be constrained to find that there is no valid arbitration agreement between the parties. However, because the issue of whether a valid arbitration agreement was entered into by the parties is such a critical issue, this Court finds that the better course of action would be to require limited discovery, precisely targeted to that material issue. Accordingly,

IT IS ORDERED that resolution of the defendant's motion to dismiss and compel arbitration (Rec. Doc. 6) is DEFERRED.

IT IS FURTHER ORDERED that the parties shall promptly propound and respond to discovery with regard to the following facts:

 a. the dates on which the plaintiff was employed by the defendant;

 b. the process for affixing an electronic signature on an arbitration agreement between the defendant and its employees;

 c. how an electronic signature on an arbitration agreement between the defendant and one of its employees is verified and authenticated; and

---

[21] Rec. Doc. 13-1 at 1.

  d. the existence of any and all arbitration agreements between the plaintiff and the defendant.

IT IS FURTHER ORDERED that, not later than October 9, 2017, each party shall file a brief addressing the following issues:

  a. Does a valid agreement to arbitrate exist between Stephanie Wheeler and Dollar Tree Stores, Inc.; and

  b. If so, does the dispute underlying this lawsuit fall within the scope of the arbitration agreement?

The brief should be not more than fifteen pages long, and each party's argument should be supported by summary-judgment-style evidence. No responsive briefs will be permitted. A ruling on the motion to dismiss and compel arbitration will then be issued in due course.

Signed at Lafayette, Louisiana on this 8th day of August 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE