# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **STEPHANIE WHEELER** | **CIVIL ACTION NO. 17-0847** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DOLLAR TREE STORES, INC.** | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Before the Court is a Motion to Dismiss and Compel Arbitration [Doc. No. 6] filed by Defendant Dollar Tree Stores, Inc. On October 31, 2017, Magistrate Judge Patrick J. Hanna converted the motion into a motion for summary judgment. [Doc. No. 26]. On December 14, 2017, the Magistrate Judge issued a Report and Recommendation [Doc. No. 30] in which he recommends granting Defendant's motion for summary judgment, compelling the parties to arbitrate their dispute, and dismissing the proceeding with prejudice. Neither party objected.

Finding that the Magistrate Judge's ultimate recommendations are correct under the applicable law and the record, the Court ADOPTS the Report and Recommendation with one exception: the Court declines to adopt any of the Magistrate Judge's credibility findings.

The Magistrate Judge conducted an evidentiary hearing on October 30, 2017, and subsequently made credibility findings before recommending that the Court grant summary judgment. [Doc. No. 30, pp. 16, 19]. However, as the Magistrate Judge noted, "[t]he court cannot make credibility determinations or weigh the evidence" when ruling on a motion for summary judgment. *Id.* (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

Regardless, and without reaching any issues of credibility, the Court agrees with the Magistrate Judge that there is no genuine dispute of material fact and that Defendant is entitled to judgment compelling arbitration.[1] The evidentiary record is sufficiently developed for the Court to conclude, when juxtaposing Plaintiff's lone evidence (two contradictory declarations) with Defendant's overwhelming evidence to the contrary, that no reasonable fact finder could render a verdict in Plaintiff's favor. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) ("To rebut a properly supported motion for summary judgment, the opposing party must show, with *significant* probative evidence, that a genuine issue of material fact exists." (emphasis added)).

Accordingly, the Motion to Dismiss and Compel Arbitration [Doc. No. 6], which the Court converted into a motion for summary judgment, is GRANTED, the parties are compelled to arbitrate this dispute, and the proceeding is dismissed with prejudice.

---

[1] *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 961 F.2d 1148, 1155 (5th Cir. 1992) (affirming the district court's judgment granting summary judgment and compelling arbitration); *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 710 (5th Cir. 2002) ("[A] party contesting the 'making' of the arbitration agreement must 'make at least some showing that under prevailing law, he would be relieved of his contractual obligations to arbitrate if his allegations proved to be true . . . [and] produce some evidence to substantiate his factual allegations." (quoted source omitted); *Armstrong v. Assocs. Int'l Holdings Corp.*, 242 F. App'x 955, 959 (5th Cir. 2007) (noting that the district court was not required to conduct a hearing, and citing *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 145 (2d Cir. 2001), which held that the district court did not err in compelling arbitration after reviewing only the parties' briefs and attached evidence); *Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*, 2010 WL 11530721, at *6 (E.D. Tex. Aug. 19, 2010) ("Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement.").

MONROE, LOUISIANA, this 4th day of January, 2018.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE